**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Zander Homes, LLC, a Texas Limited Liability Company, | § § § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. <u>25-1519</u> |
| | § | JURY TRIAL DEMANDED |
| Zander Custom Homes, LLC, a Texas Limited | § | |
| Liability Company; | § | |
| Zander Custom Homes, LLC, a Texas Limited | § | |
| Liability Company, d/b/a AshleyA Real Estate; | § | |
| Ashley Alexander, an individual, | § | |
| Ashley Alexander, d/b/a/ Peak Real Estate, | § | |
| Diana Mejia Larios, an individual, and | § | |
| Jessenia E. Velazquez, an individual, | § | |
| Defendants. | § | |

**COMPLAINT**
**FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff, Zander Homes, LLC, for its causes of action against: Defendants Zander Custom Homes, LLC, as a company and also as d/b/a Ashley A Real Estate; Ashley Alexander, as an individual and also d/b/a Peak Real Estate; and Diana Mejia Larios, as an individual (collectively "Trademark Infringement Defendants" or "Defendants"), and Defendant Jessenia E. Velazquez, as an individual ("Contributory Trademark Infringement Defendant" or "Contributory Defendant"), alleges as follows:

**<u>INTRODUCTION</u>**

1.  Plaintiff brings this lawsuit to protect the substantial goodwill that it has developed over the past fifteen years in its distinctive ZANDER HOMES word mark. Plaintiff's federally-registered trademark, U.S. 5,064,053, has attained incontestable status and a reputation as a source of high-quality services related to real estate development and housing services,

1

including the construction of homes and residential buildings, the remodeling of residential buildings, and the repair and improvement of real property.

2.  The goodwill and reputation for quality that Plaintiff has worked so hard to cultivate is being threatened by Defendants' actions. Defendants have used and continue to use the ZANDER CUSTOM HOMES word mark, which is confusingly similar to Plaintiff's ZANDER HOMES word mark, to provide competing services to many of the same consumers served by Plaintiff.  Defendants' use of the ZANDER CUSTOM HOMES word mark has caused actual confusion with Plaintiff's ZANDER HOMES services in the marketplace.  Unless Defendants are enjoined from using the ZANDER CUSTOM HOMES mark, such use will continue to cause consumer confusion and will cause irreparable harm to Plaintiff.

3.  This action seeks injunctive relief, damages, and other appropriate relief arising from Defendants' willful acts of trademark infringement and unfair competition.

## JURISDICTION AND VENUE

4.  This is an action for infringement of a federally-registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and for unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). This action also includes claims under Texas common law for trademark infringement and unfair competition.

5.  This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

6.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2

7. This Court has personal jurisdiction over Defendants. Defendants' acts of infringement of Plaintiff's registered mark were committed in the Southern District of Texas, Houston Division, within the jurisdiction of this Court. Defendants have advertised their services under the infringing mark in this state and have transacted business by offering and providing their services to home owners and residential building dwellers as well as real estate brokers and agents within this state under the infringing mark. Contributory Defendant has similarly caused or has contributed to the infringement by encouraging and even facilitating the infringement by the other Defendants. The Defendants and Contributory Defendant have engaged in substantial activity within Texas and this judicial district and have had substantial contacts in Texas, having purposefully availed themselves of the privilege of conducting activities in this forum. Defendants and Contributory Defendant have caused injury to Plaintiff within Texas and within this judicial district.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants and the Contributory Defendant may be found or transact business in this district and a substantial part of the events giving rise to the Plaintiff's claims occurred and are continuing to occur in this district.

**<u>PARTIES</u>**

9. Plaintiff, Zander Homes, LLC, is a Limited Liability Company duly organized and existing under the laws of the State of Texas, having an office and place of business at 15311 Vantage Parkway W., Suite 317, Houston, Texas. 77032.

10. Upon information and belief, Defendant Zander Custom Homes, LLC, is a Texas Limited Liability Company organized and existing under the laws of the State of Texas, having an office and place of business at 5700 NW Central Dr., Suite 110, Houston, Texas. 77092 or

24026 Kentwood Springs Dr., Spring, Texas. 77373.  Upon information and belief,
Defendant Zander Custom Homes, LLC can be served through its registered agent, SAS Tax
& Business Solutions, having a principal address at 5700 NW Central Dr., Suite 110,
Houston, Texas. 77092.

11. Upon information and belief, Defendant Zander Custom Homes, LLC, d/b/a Ashley A Real
Estate, is a Texas Limited Liability Company organized and existing under the laws of the
State of Texas, having an office and place of business at 5700 NW Central Dr., Suite 110,
Houston, Texas 77092 or 24026 Kentwood Springs Dr., Spring, Texas. 77373, the same as
Defendant Zander Custom Homes, LLC.  Service on Defendant Zander Custom Homes, LLC
should also suffice for service on this same defendant d/b/a Ashley A Real Estate.

12. Upon information and belief, Defendant Ashley Alexander is an individual residing at or
having a place of business at 5700 NW Central Dr., Suite 110, Houston, Texas. 77092 or
24026 Kentwood Springs Dr., Spring, Texas  77373.

13. Upon information and belief, Defendant Peak Real Estate is a d/b/a/ of Defendant Ashley
Alexander, having an office and place of business at 5206 Irvington Boulevard, Houston,
Texas 77009 or 5700 NW Central Dr., Suite 110, Houston, Texas. 77092 or 24026 Kentwood
Springs Dr., Spring, Texas. 77373. Service on Defendant Ashley Alexander should also
suffice for service on this defendant d/b/a Peak Real Estate.

14. Upon information and belief, Defendant Diana Mejia Larios is a realtor or real estate agent
and listing broker affiliated with Defendant Peak Real Estate.  Upon information and belief,
Defendant Larios can be reached through Defendant Peak Real Estate at 5206 Irvington
Boulevard, Houston, Texas 77009, or 5700 NW Central Dr., Suite 110, Houston, Texas
77092, or 24026 Kentwood Springs Dr., Spring, Texas  77373.

15. On information and belief, Contributory Defendant Jessenia E. Velazquez is accountant for one or more of Defendants Zander Custom Homes, LLC, Zander Custom Homes, LLC, d/b/a Ashley A Real Estate; Ashley Alexander, Ashley Alexander, d/b/a/ Peak Real Estate. Defendant Velazquez is CEO of SAS Tax & Business Solutions, having a principal address at 5700 NW Central Dr., Unit 110, Houston, Texas. 77092, and is registered agent for Defendant Zander Custom Homes, LLC.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

16. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–15 inclusive, as though fully set forth.

17. As its first ground for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

18. Plaintiff is a home builder and has developed real estate and offered and provided various housing related services to the public, including constructing and building custom and other homes, and remodeling and repairing homes and other residential buildings, in United States commerce under the ZANDER HOMES mark since at least August 2010. Plaintiff has used the ZANDER HOMES mark continuously in United States commerce since that time.

19. Plaintiff is the owner of a federal trademark registration, Reg. No. 5,064,453, which issued on October 18, 2016, on the principal register of the United States Patent and Trademark Office. This registration for the ZANDER HOMES mark covers: construction of residential buildings; custom construction of homes; housing services, namely, repair, improvement, and building of residential real property; real estate development; and remodeling of residential buildings. A true copy of this registration is attached as Plaintiff's Exhibit A. The right to use

this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. The registration is valid and subsisting and has never been cancelled.

20. Plaintiff's services are advertised, offered, sold, and/or provided under the ZANDER HOMES mark in United States commerce on its award-winning website, https://zanderhomes.net.  Plaintiff has also been active on social media using its ZANDER HOMES mark.

21. Plaintiff has invested substantial time, effort, and financial resources promoting its ZANDER HOMES mark in connection with the marketing and sale of its services and homes in interstate commerce. Plaintiff has received numerous awards for its services, including TAB-Custom Builder of the Year for 2021 & 2020, Texas Builder of the Year-Finalist for 2023, Texas Remodeler of the Year-Finalist for 2023, GHBA Award Winner 2014-2023, TAB Award Winner 2014-2023, Pulse Award Winner, Best of Houzz for 2018-2019, and General Contractor Magazine Award Winner, among others.  Plaintiff has also been recognized in various articles in nationally and locally distributed magazines, including "The Metro Builder," "Redfin," "Voyage Houston," "Archello," "Bellaire Connect," "Home Builders Houston," and "Texas Builder."

22. The ZANDER HOMES mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products, and its goodwill. The consuming public recognizes the ZANDER HOMES trademark and associates it with Plaintiff.

23. Plaintiff's ZANDER HOMES mark is inherently distinctive as applied to Plaintiff's goods that bear the mark.

24. Notwithstanding Plaintiff's established rights in the trademark ZANDER HOMES, upon information and belief, Defendants adopted and used the confusingly similar trademark ZANDER CUSTOM HOMES in interstate commerce in connection with the sale and offering for sale of homes and housing related services including home construction, repairing, and remodeling in the years 2024 and 2025.

25. Defendants Zander Custom Homes, LLC, itself and also d/b/a Ashley A Real Estate; and Ashley Alexander, herself and also d/b/a Peak Real Estate, sell their housing related services, including home construction, building, remodeling, and sales, at some of the same relevant trade channels that also offer Plaintiff's housing services and homes.  These Defendants have advertised their homes and housing related services under the infringing trademark on social media sites or apps and in advertising media, to the trade and to the consuming public, including using websites and social media offering the homes for sale as well as signage for the homes and home related services.

26. Defendant Diana Mejia Larios, as a realtor and listing agent for at least one house for sale for which Defendant Peak Real Estate is listing broker, which house is stated on the listing as built by "Zander Custom Homes, LLC" causing confusion with Plaintiff and Plaintiff's mark ZANDER HOMES, and causing the public to think that Plaintiff built the home for sale, when Plaintiff did not. See house listing at Exhibit C.

27. Plaintiff's registered trademark, a wordmark, is ZANDER HOMES. (see Exhibit A for a true copy of the registration).

28. Defendants' trademark is ZANDER CUSTOM HOMES.

29. Defendants' trademark as it appears on Defendants' signage and on websites promoting Defendants' house related services is ZANDER CUSTOM HOMES.

30. Without Plaintiff's consent, Defendants have used and continue to use the infringing ZANDER CUSTOM HOMES mark in connection with the advertising, offering for sale, and sale of their homes and home related services, including home construction, building, remodeling, and home sales.

31. Defendants have engaged in their infringing activities despite having actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 and despite having actual knowledge of Plaintiff's use of the ZANDER HOMES mark.

32. Defendants' actions are likely to mislead the public into concluding that their homes and home related services originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public. Plaintiff has no control over the quality of services or homes provided by Defendants, and because of the source confusion caused by Defendants, Plaintiff has lost control over its valuable goodwill.

33. Upon information and belief, Defendants have advertised and offered homes and home related services to the trade and to the public using the ZANDER CUSTOM HOMES mark with the intention of misleading, deceiving, or confusing consumers as to the origin of the goods and of trading on Plaintiff's reputation and goodwill. Defendants' use of the ZANDER CUSTOM HOMES mark constitutes willful, deliberate, and intentional trademark infringement.

34. On information and belief, Contributory Defendant Jessenia E. Velazquez has encouraged, induced, and/or facilitated said one or more Defendants in use of the mark ZANDER CUSTOM HOMES. Contributory Defendant Velazquez has continued such encouragement and assistance notwithstanding Plaintiff's objections and Plaintiff's showing of federal trademark registration for the mark ZANDER HOMES and confusion in the marketplace

caused by Defendants' use of ZANDER CUSTOM HOMES for the building and sale of

residential real estate and particularly the building and sale of homes.  Contributory

Defendant Velazquez has contributed to trademark infringement by the other Defendants,

deliberately and intentionally.

35. Plaintiff has requested orally and in writing that Defendant Ashley Alexander cease and

desist from her infringing actions, but Defendant Alexander has failed to comply. Plaintiff's

cease and desist letter to Defendant Alexander, copied to Contributory Defendant Velazquez,

is attached as Plaintiff's Exhibit B.

36. Defendants' unauthorized use of the ZANDER CUSTOM HOMES mark in interstate

commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1)

and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

37. Contributory Defendant's unauthorized assistance, encouragement and inducement provided

to other Defendants to infringe the ZANDER CUSTOM HOMES mark has contributed to

actual and the likelihood of continued consumer confusion, mistake and deception caused by

that trademark infringement.

38. As a direct and proximate result of Defendant's trademark infringement, and Contributory

Defendant's contributory infringement, Plaintiff has suffered and will continue to suffer

irreparable loss of income, profits, and goodwill, and Defendants have acquired and will

continue to unfairly acquire income, profits, and goodwill.

39. Defendants' acts of infringement, and Contributory Defendant's contributory infringement,

will cause further irreparable injury to Plaintiff if Defendants and Contributory Defendant are

not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no

adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

**40.** Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–39 inclusive, as though fully set forth.

**41.** As its second ground for relief, Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**42.** Defendants' unauthorized marketing and sale of their homes and housing related services in interstate commerce using the ZANDER CUSTOM HOMES mark constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' homes and housing related services as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce. The actions of Defendants as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

**43.** Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

**44.** As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill, and Defendants have acquired and will continue to unfairly acquire income, profits, and goodwill.

**45.** Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT III
## <u>TEXAS COMMON LAW TRADEMARK INFRINGEMENT</u>

46. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-45 inclusive, as though fully set forth.

47. As its third ground for relief, Plaintiff alleges common law trademark infringement under Texas state law.

48. Defendants' infringing conduct has been performed with actual knowledge of Plaintiff's rights, and/or in bad faith, and with willful and deliberate intent to trade on Plaintiff's substantial recognition, reputation, and goodwill.  Contributory Defendant's acts assisting Defendants' infringing conduct has also been performed knowingly, willfully and deliberately.

49. Plaintiff has been damaged by Defendants' acts of trademark infringement and by Contributory Defendant's knowing assistance and encouragement in Defendants' acts of trademark infringement.

50. Plaintiff is entitled to injunctive relief and Plaintiff is also entitled to recover at least Plaintiff's damages, Defendants' profits, Contributory Defendant's profits, punitive damages, costs, and reasonable attorney fees.

## COUNT IV
## <u>TEXAS COMMON LAW UNFAIR COMPETITION</u>

51. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–50 inclusive, as though fully set forth.

52. As its fourth ground for relief, Plaintiff alleges common law unfair competition under Texas law.

53. Defendants' actions complained of above constitute unfair competition under common law, at least because Defendants' acts have allowed Defendants' to obtain an unfair advantage as compared to Plaintiff.

54. Plaintiff's continuous promotion and creation of goodwill in its ZANDER HOMES mark required extensive time, labor, effort, skill, and money. Defendants have wrongfully used and are wrongfully using the ZANDER CUSTOM HOMES mark in competition with Plaintiff, and Defendants have gained and are gaining a wrongful benefit by undue advantage. Defendants have not been burdened with the expenses incurred by Plaintiff. Defendants are obtaining the resulting benefits for their own homes and housing related services.

55. Defendants' infringing conduct has been performed with actual knowledge of Plaintiff's rights, and/or in bad faith, and with willful and deliberate intent to trade on Plaintiff's substantial recognition, reputation, and goodwill.

56. Plaintiff is entitled to injunctive relief and Plaintiff is also entitled to recover at least Plaintiff's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**COUNT V**
**DILUTION, TEX. BUS. & COMM. CODE § 16.103**

57. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–56 inclusive, as though fully set forth.

58. As its fifth ground for relief, Plaintiff alleges trademark dilution under Texas law.

59. Through Plaintiff's long-standing and extensive use and the subsequent consumer recognition, Plaintiff's ZANDER HOMES mark is famous (as defined in Texas Business and

Commerce Code § 16.103) in Texas, or at least in the greater Houston, Texas metropolitan area, and is distinctive.

60. Defendants' use of the ZANDER CUSTOM HOMES mark in connection with Defendants' homes and housing related services has caused and is likely to cause dilution by blurring and weakening of the ZANDER HOMES mark, in violation of Texas Business and Commerce Code § 16.103.

61. Defendants' willful intent to trade on the famous ZANDER HOMES mark in or for homes and housing related services has threatened and continues to threaten to harm the reputation of the ZANDER HOMES mark.

62. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages, including damage to Plaintiff's goodwill and reputation.

63. By reason of the foregoing, Plaintiff is entitled to injunctive relief and Plaintiff is also entitled to recover at least Plaintiff's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**REQUEST FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

A. Entering a judgment that Plaintiff's registered ZANDER HOMES trademark has been and continues to be infringed by Defendants and Contributory Defendant in violation of 15 U.S.C. § 1114(1);

B. Entering a judgment that Defendants' use of its ZANDER CUSTOM HOMES trademark constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

C. Entering a judgment that Defendant's use of its ZANDER CUSTOM HOMES trademark constitutes common law trademark infringement and common law unfair competition under Texas law and that Contributory Defendant has knowingly assisted, induced and contributed to Defendants' common law trademark infringement;

D. Entering a judgment that Defendants' use of the ZANDER CUSTOM HOMES trademark constitutes dilution of Plaintiff's ZANDER HOMES mark, which is famous in Texas or at least in the greater Houston metropolitan area, and violates Texas Business and Commerce Code § 16.103;

E. Permanently enjoining and restraining each of Defendants and Contributory Defendant and each of their respective agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the trademark ZANDER CUSTOM HOMES, with or without its accompanying logo or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify any of Defendants' homes or housing related services;

F. Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants and Contributory Defendant have each complied with the injunction;

G. Pursuant to 15 U.S.C. § 1118, requiring that Defendants and Contributory Defendant and all others acting under Defendants' authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, signage, and other material in their possession bearing the infringing designation;

H. Awarding Plaintiff all damages it sustained as the result of Defendants' acts of infringement and unfair competition, and/or as a result of Contributory Defendants' acts of contributory infringement, said amounts to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

I. Awarding Plaintiff all profits received by Defendants from sales and revenues of any kind made as a result of their willful and intentional infringing actions, said amount to be trebled, after an accounting, pursuant to 15 U.S.C. § 1117;

J. Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and

K. Granting Plaintiff such other and further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: April 2, 2025

Respectfully submitted,

*/s/ Karen B. Tripp*
Karen B. Tripp, *Attorney at Law*
Texas State Bar No.: 03420850
So. Dist. Tex. No. 2345
4265 San Felipe, Suite 1100
Houston, Texas 77027
(713) 658-9323 office phone
(832) 798-7576 cell phone
tripp.karen@gmail.com
ktripp@tripplaw.com
**Attorney-in-Charge for Plaintiff,**
**Zander Homes, LLC**